IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL NO. 5:11CR69-RLV

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| ZACHERY TYLER BAIRD, | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Baird's Notice of Appeal and Motion to Revoke Detention Order, filed July 30, 2015. (Doc. 33). The Government filed a response in opposition on August 6, 2015. (Doc. 36).

Defendant Baird, whose offense of conviction was conspiracy to distribute and to possess with intent to distribute oxycodone, hydrocodone and alprazolam in violation of 21 U.S.C. § 846, received a sentence of time served, plus three years of supervised release. Baird completed his time served sentence on February 19, 2013.

On July 9, 2015, the U.S. Probation Department filed a Petition For Warrant For Offender Under Supervision against Defendant Baird. (Doc. 24). Baird is presently charged with violating the terms of his supervised release by repeatedly testing positive for use of controlled substances (Grade C Violation No. 1) and for driving while his license was revoked (Grade C Violation No. 2). (Doc. 24). A warrant issued for Baird's arrest on July 13, 2015. (Doc. 24-1). Baird surrendered himself to federal authorities on July 24, 2015 and has been in custody since that time.

On July 29, 2015, U. S. Magistrate Judge David C. Keesler ordered Baird detained pending his final revocation hearing before the undersigned district judge. If Baird is adjudicated on the alleged violations and the Court revokes supervised release, he faces five to eleven months imprisonment on each violation. (Doc. 24). The supervising probation officer recommends revocation. Baird, through counsel, asks the undersigned to revoke the Detention Order issued by the magistrate judge.

This Court reviews *de novo* the magistrate judge's detention order. 18 U.S.C. §3145(b); *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989) *(citing United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985)). The Court has reviewed the entire criminal record, including the audio recording of the July 29, 2015 detention hearing.

Pursuant to Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure, which governs bond determinations in the context of an alleged violation of supervised release:

> "The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person."[1]

Fed. R. Crim. P. 32.1(a)(6). Thus, Rule 32.1(a)(6) requires that the Defendant – not the Government − establish its position on bond by clear and convincing evidence (i.e., that Defendant will *not* flee or pose a danger to any other person or to the community).

In this case, the magistrate judge was troubled by Defendant's criminal history, his continuous illegal drug use, his failure to respond to previous interventions by the supervising probation officer and/or modifications to his conditions of supervised release, and the potential risk of flight. The detention order notes that a serious risk exists that the defendant will not appear and /or that defendant will endanger the safety of another person or the community. Nonetheless, Baird has maintained full-time employment throughout his period of supervised release and reportedly provides financial support for his children.

The Court agrees with the magistrate judge that detention is appropriate. Baird's criminal history dating back to age sixteen evidences a flagrant disregard for the law. Although Baird's prior criminal convictions do not include violent offenses, the charged conduct could certainly be

---

[1] Rule 32.1(a)(6) incorporates Title 18, United States Code, Section 3143(a)(1), which presumes detention. Section 3143(a)(1) reads in part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

characterized as reckless. Defense counsel suggests that because Baird is currently housed in a facility that does not offer substance abuse treatment (that Baird needs), release is the better option and would permit Baird to pursue treatment. However, it may be that a period of confinement – with or without substance abuse treatment – is the most effective rehabilitative measure that can be taken.

Taking all of the relevant factors into consideration, 18 U.S.C. § 3142(g), the Court finds that Baird fails to meet his burden of establishing clear and convincing evidence that he "will not flee or pose a danger to any other person or to the community."

**IT IS, THEREFORE, ORDERED** that Defendant's Notice of Appeal and Motion To Revoke Detention Order is hereby **DENIED**. The Court requests that the Courtroom Deputy Clerk expedite the hearing on the alleged supervised release violations.

Signed: August 11, 2015

Richard L. Voorhees
United States District Judge